IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:25-mj-02344 |
| | ) | |
| [2] CYNTHIA HERNANDEZ CALVILLO | ) | JUDGE NEWBERN |
| | ) | |
| [3] BRYAN CARCAMO MEJIA | ) | |

**UNITED STATES' AMENDED MOTION FOR DETENTION HEARING
AND FOR DETENTION OF THE DEFENDANTS**

COMES NOW the United States of America by Herbert L. Bunton III, Acting United States Attorney, and Robert E. McGuire, Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Bryan Carcamo Mejia and Cynthia Hernandez Calvillo in this matter. Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions…will reasonably assure…the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves – (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2). The United States asserts both Bryan Carcamo Mejia (Carcamo) and Cynthia Hernandez Calvillo (Hernandez) present a risk of flight and a danger to the community if released. They should thus be detained pending trial. The United States proffers the following which will be presented at a detention hearing in more detail.

  I.  **Background**

Carcamo and Hernandez organized a large-scale fraud network that exploits cruises that leave from across the United States. In short, Carcamo and Hernandez recruit people to go on

cruises for "free." While onboard, though, these co-conspirators have a job: They must use credit cards, given to them by Carcamo and Hernandez, to extract cash and luxury goods from the cruise line. In preparation for these deployments, Carcamo and Hernandez obtain stolen credit card numbers from the Internet and then create counterfeit credit cards using those numbers. These counterfeit credit cards have the victim's credit card number on it, but the name of the person actually going on the cruise printed on the card.

Once their co-conspirators board, Carcamo and Hernandez direct co-conspirators via the Internet on how to obtain as much cash as possible. Co-conspirators typically accomplished this via two means. First, they would gamble in cruise ship casinos to turn victims' lines of credit into cash. Cruise ship systems would allow customers to charge casino credit to their room (and thus to the credit card on file). The crews would load up their account, request a voucher, and turn those vouchers in for cash. Hernandez's phone contained a "note" with a complete blueprint to execute this scheme:

> Download [the Cruise Line's] app
>
> Go to guest services to add a card on file
>
> Get WiFi from the app once you connect you will be able to see your acct balance from on board
>
> Go to casino around 7pm
>
> Once in the casino go to slot and insert your room key and the pin will be your date of birth.
>
> Add a credit of $750 make sure to charge to the room and not the bank acct
>
> Once you add $750 play about $60-$70 then cash it out make sure to play and make it seen good , the whole point is to get the profit. Go to another machine and do the same but change the amount up maybe do $550 and play $50

2

Case 3:25-mj-02344     Document 22     Filed 10/15/25     Page 2 of 12 PageID #: 35

make sure you are being slick and making it seem like you are playing. Do not do same amount at the same time

Messages that Carcamo sent via Instagram during a February 2025 cruise show how to execute the scheme, almost verbatim to Hernandez's saved note:

| Sender | Message |
| --- | --- |
| **Carcamo** | Get a DRINK at the bar |
| **Carcamo** | Then head to casino |
| **Carcamo** | One machine Add 750 |
| **Carcamo** | CHARGE TO ROOM |
| **Carcamo** | CHARGE TO ROOM |
| **Carcamo** | CHARGE TO ROOM |
| **Carcamo** | play like 50-60 in 1 dollar bets play slow |
| **Carcamo** | After u spent 50 |
| **Carcamo** | Hit done and mkve to another machine |
| **Carcamo** | And get another drink |

Throughout this same cruise, Carcamo and Hernandez demanded substantial output from their coconspirators. Carcamo told this crew that his "other people on that boat had 10k by now." Carcamo also said that his aunt is "47 and was in the pool by now," meaning she had already extracted enough money from the cruise ship's casino. Carcamo emphasized that he expected his crew to do "750 transactions" and that Carcamo was an expert, saying, "I do this for a living listen to me sir."

Second, crews would purchase luxury goods, like watches and purses, when onboard ships. One crew purchased a Rolex watch (worth over $15,000) and a Chanel flap purse (valued at approximately $5,000). These goods were later passed along to Carcamo and Hernandez.

Agents have identified dozens of cruises where Carcamo and Hernandez would send crews to exploit cruise ships. These cruises resulted in hundreds of thousands of dollars of loss to cruise lines and victims.

3

A grand jury sitting in the Middle District of Florida indicted Carcamo and Hernandez for violating 18 U.S.C. § 1029 (conspiracy to commit access device fraud) and 18 U.S.C. § 1028A (aggravated identity theft).

II.     **Argument**

The Government moves for a hearing under 18 U.S.C. § 3142(f)(2)(A), which mandates a detention hearing in a case that involves "a serious risk that [a] person will flee." The Court then considers the factors set forth at 18 U.S.C. § 3142(g), and if after considering those factors, the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the defendant shall be ordered detained.

Each of the § 3142(g) factors—the nature and circumstances of the offense, the history and characteristics of the defendant, the weight of the evidence, and the nature and seriousness of danger to other persons or the community if released—strike in favor of detaining Carcamo and Hernandez.

> a. <u>The nature and circumstances of this offense involve deception and techniques to avoid detection—facts that strike in favor of detention.</u>

Both the charges here and the way that Carcamo, Hernandez, and their crews executed the charges strike in favor both of a finding that Carcamo and Hernandez are a serious risk of flight. While the charges here are not enumerated in § 3142(g)(1), the nature and circumstances of the charged offenses (conspiracy to commit access device fraud and aggravated identity theft) still strike in favor of detention for several reasons.

*First,* this scheme—at its core—rests on deception. Throughout execution of this scheme, members of this scheme used fraudulent credit cards (in fake names) to enrich themselves. This

4

deception shows that Carcamo and Hernandez have the capacity to avoid detection. *United States v. Adams*, 2023 WL 1093887, at *3 (E.D. Tenn. Jan. 10, 2023).

***Second,*** this scheme involves the use of aliases. Cruise lines typically have "do not sail" lists that function similarly to federal "do not fly" lists. In short, these systems work to prohibit individuals from cruising by comparing a reservation name with the list. Carcamo and Hernandez learned that these systems had vulnerabilities and began using aliases to defeat them. For example, on an Alaskan cruise in June 2025, Hernandez registered under the alias "Cinthia Hernamdez." A counterfeit credit card confiscated from Hernandez on that cruise used the same name. And on a recent cruise, from September 29, 2025, "Brian Camarco" and two other individuals boarded a cruise ship in Long Beach, California. Records confirmed that "Brian Camarco" is Carcamo.

***Third***, Carcamo and Hernandez worked to provide fraudulent identification documents to enable their coconspirators to get onboard cruises. In May 2024, Carcamo and Hernandez discussed equipping a crew for a cruise.

| Date | Sender | Message |
| --- | --- | --- |
| May 24, 2024 | Carcamo | Yes im making the marriage liscence [sic] lol |
| May 24, 2024 | Carcamo | Working in [sic] it |
| May 24, 2024 | Hernandez | Bruh |
| May 24, 2024 | Hernandez | 😂😂😂😂😂 |
| May 24, 2024 | Carcamo | Love it omg |

This technique is yet another example of why Carcamo and Hernandez have the capacity to flee.[1] Hernandez, for her part, manufactures the counterfeit credit cards—a skill that, combined

---

[1] While not charged in the Indictment, Carcamo also produces fake identification documents. In a June 2025 conversation via Instagram, a user asked Carcamo, "Hey who do fake ids? I need 2 by tmw." Carcamo asked, "I do them. I can have em done by tm night." The other user asked, "Like what time tmw?" Carcamo then responded, "7."

with online marketplaces, would give Hernandez a near-unlimited amount of funds. In the leadup to a July 2024 cruise, Carcamo and Hernandez exchanged the following messages:

| Date | Sender | Message |
|---|---|---|
| July 2, 2024 | Carcamo | CAN YOU EMBOSS CARDs? |
| July 2, 2024 | Carcamo | RN |
| July 2, 2024 | Carcamo | CRUISE LEAVE TM? |
| July 2, 2024 | Carcamo | HEY |
| July 2, 2024 | Hernandez | How many bra |

This conversation shows that Hernandez was a source of Carcamo's cards. And she did, in fact, have the capacity to make cards. The pictures below, from Hernandez's cell phone, show cards in the process of being created:



These resources and these skills strike in favor of detention.

The breadth of this scheme means that Carcamo and Hernandez face a lengthy sentence if convicted. The statutory maximum sentence for conspiracy to commit access device fraud is five years. And the scope and long-running nature of this conspiracy means that both Carcamo and

Hernandez likely score a sentencing guidelines range close to the statutory maximum. Carcamo and Hernandez each also face aggravated identity theft charges. Those charges carry a two-year mandatory minimum sentence that must run consecutive to any other sentence imposed. This guaranteed jail time strikes in favor of detention by providing an incentive to flee.

    b. <u>Both Carcamo and Hernandez's history and characteristics show that they have little (or no) legitimate income and fund their lifestyles with other peoples' money.</u>

As of the date of this memorandum, and without the benefit of a pretrial services report, the Government understands that both Carcamo and Hernandez are longtime residents of Nashville. But while they have resided in Nashville, they have few economic ties to the area. Agents have learned that Carcamo has no legitimate income, while Hernandez infrequently works in the beauty industry to make money. Instead, much of their lifestyle stems from their fraud. *United States v. Rainey*, 2008 WL 3538970, at *2 (E.D. Mo. Aug. 11, 2008) (noting defendant's "few economic ties to the community"). As one example,

| Sender | Timestamp | Message |
|---|---|---|
| Carcamo | 2025-06-12 03:10:19 UTC | we be spending thousands on ppl cards like nothing? |
| Carcamo | 2025-06-12 03:10:30 UTC | i ran more than 10k at pr this weekend alone. |

This message, again from Carcamo's Instagram account, shows that much of their lifestyle runs on credit cards from other people.

Carcamo and Hernandez also travel out of the country with frequency. Much of this scheme involved travel to other countries via cruise ships. An extensive history of international travel strikes in favor of detention. *United States v. Gentry*, 455 F. Supp. 2d 1018, 1033 (D. Ariz. 2006) (holding that "international travel experience," along with "ability to create and use false identities

7

and identification documents," struck in favor of detention). Often, Carcamo would travel internationally to collect the proceeds of this scheme. These trips strike in favor of detention.

Carcamo and Hernandez also understood the risk of their crimes, and continued the scheme. Part of the Government's evidence in this case comes from Instagram messages exchanged between Carcamo (at his "tacohoeless" Instagram handle) and Hernandez (at her "cyn.vanesa" handle). About four months ago, Carcamo and Hernandez discussed a rumor that the Government was investigating them:

| Sender | Timestamp | Message |
| --- | --- | --- |
| Hernandez | 2025-06-09 23:34:31 UTC | Why maaya just call me |
| Hernandez | 2025-06-09 23:34:47 UTC | And told me that her friend told her that they trynna build a Rico case on me for the cruises |
| Hernandez | 2025-06-09 23:34:53 UTC | And they trynna blame everything on me |
| Carcamo | 2025-06-09 23:35:50 UTC | 😂😂bitch they lying. |

Carcamo reassures Hernandez that a government investigation into a "Rico" is nothing to worry about:

| Sender | Timestamp | Message |
| --- | --- | --- |
| Carcamo | 2025-06-09 23:39:28 UTC | pls learn the law lol. |

8

| Sender | Timestamp | Message |
| --- | --- | --- |
| Carcamo | 2025-06-09 23:39:35 UTC | enterprise baby |
| Carcamo | 2025-06-09 23:39:47 UTC | group is big |
| Carcamo | 2025-06-09 23:40:31 UTC | why would you let people disturb your peace |

Carcamo also classifies these offenses as "white collar[] crimes" and tells Hernandez that she is looking at little time, even if they are caught:

| Sender | Timestamp | Message |
| --- | --- | --- |
| Carcamo | 2025-06-09 23:48:17 UTC | bitch g herbo got 3 years for scamming MILLIONS |
| Carcamo | 2025-06-09 23:48:18 UTC | hahahahhahaa |
| Carcamo | 2025-06-09 23:48:25 UTC | and did 2 years and probation |
| Carcamo | 2025-06-09 23:48:30 UTC | u might do 7 nomths |
| Carcamo | 2025-06-09 23:48:31 UTC | lmaooo |
| Carcamo | 2025-06-09 23:48:35 UTC | im get deported hahaha |

9

| Sender | Timestamp | Message |
| --- | --- | --- |
| Carcamo | 2025-06-09 23:48:50 UTC | dont forget its white collard crimes |

Carcamo also explains that Hernandez should get ready by having a retainer, just in case they are caught, and explains pretrial release:

| Sender | Timestamp | Message |
| --- | --- | --- |
| Carcamo | 2025-06-09 23:54:09 UTC | i have my $25k resdy for lawyer retainer |
| Carcamo | 2025-06-09 23:54:16 UTC | fuck em |
| Hernandez | 2025-06-09 23:55:06 UTC | What is lawyer retainer |
| Carcamo | 2025-06-09 23:55:24 UTC | you have ur down payment ready |
| Carcamo | 2025-06-09 23:55:26 UTC | for feds |
| Carcamo | 2025-06-09 23:55:33 UTC | lawyer |
| Carcamo | 2025-06-09 23:55:41 UTC | like you giving permission him to with draw from ur account |
| Carcamo | 2025-06-09 23:55:56 UTC | he will get you out on petrial |

| Sender | Timestamp | Message |
|---|---|---|
| Carcamo | 2025-06-09 23:56:02 UTC | 😎😎😎2 nd day |

What would Carcamo do if he were granted pretrial release?

| Sender | Timestamp | Message |
|---|---|---|
| Carcamo | 2025-06-09 23:56:05 UTC | you will be iut ur whole trial |
| Carcamo | 2025-06-09 23:56:08 UTC | i will fleee |

Despite suspecting an ongoing federal investigation, Carcamo and Hernadez continued their scheme. And Carcamo's approach if caught was not to face the charges against him. Instead, he said that if he were released, he would flee. The Court should take Carcamo at his word.

    c. <u>Carcamo and Hernandez present a danger to the community if released.</u>

Even when moving for detention under § 3142(f)(2)(A), the Court can still consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." While not charged with any violent acts, "[t]here is no question that economic crimes have victims and negatively impact the community." *United States v. Phillips*, No. 3:25-cr-0026, 2025 WL 863648, at *4 (W.D. Ky. Mar. 19, 2025) (citing *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) & *United States v. Tragas*, No. 09-20023-10, 2020 WL 5064383, at *7 (E.D. Mich. Aug. 27, 2020), aff'd 2021 WL 4205168 (6th Cir. Aug. 4, 2021)). Both Carcamo and Hernandez are likely to continue engaging in criminal conduct while on bond, given that much of their lifestyle is funded via stolen credit cards. And in the same vein, that ability to live off of

stolen credit cards provides a way for both defendants to finance their flight. This element strikes in favor of detention.

### III. Conclusion

These factors each weigh in favor of detention. There are no conditions or combinations of conditions that can assure Carcamo and Hernandez's presence at trial or that Carcamo and Hernandez will not harm the community through their continued fraud. Thus, the Government respectfully seeks pretrial detention for Carcamo and Hernandez.

We ask that Carcamo and Hernandez be detained until trial. To the extent a hearing is necessary, the United States respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney

By:

 */s/ Herbert L. Bunton III*
HERBERT L. BUNTON III
Assistant U.S. Attorney
719 Church St., Suite 3300
Nashville, Tennessee 37203

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant via CM/ECF on the October 15, 2025.

*/s/ Herbert L. Bunton III*
HERBERT L. BUNTON III